WOODALL, Justice
(dissenting).
The trial court had subject-matter jurisdiction over this action. Its amended judgment, entered in November 2008, merely purported to enforce § 10-2B-15.02(a), Ala.Code 1975, by “dismissing [the] claims against [Archer Western with prejudice] to the filing in the State of Alabama of a subsequent action on the same claims.” It is true that the amended judgment, in all other respects, “dismiss[ed] [the] claims against [Archer Western] without prejudice.” The majority construes this latter phrase to be a “deter-min[ation] that the judgment was ‘without prejudice’ outside Alabama.” 33 So.3d at 1219. However, I do not so construe the judgment. Instead, it appears to me that the trial court properly recognized that the binding effect of its judgment was limited to the courts of Alabama and that any other court in which Benise-Dowling might later file suit would have to decide for itself what effect, if any, to give the judgment and the underlying statute.
For these reasons, I cannot agree with the majority’s holding that “the trial court granted relief that was beyond its authority to grant.” 33 So.3d at 1220. I would affirm the judgment of the trial court. Therefore, I respectfully dissent.
LYONS, J., concurs.